# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE APOLONIO CRUZ RODRIGUEZ, | Case No. CV 09-08439-GHK (DTB) |
| Petitioner, | ORDER RE DISMISSAL OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |
| vs. | |
| LINDA SANDERS, WARDEN, et al., | |
| Respondent. | |

On or about November 17, 2009, petitioner purported to file a verified Motion Challenging the Manner and Execution of Sentence, Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody ("Petition") herein. The Petition alleged a single ground for habeas relief, asserting that petitioner, who was then a prisoner in federal custody and housed at the United States Prison at Lompoc, California ("Lompoc"), was entitled to additional custody credits for time spent in the custody of Immigration and Customs Enforcement ("ICE") from March 27, 2007, through April 11, 2007. (Petition at 2, ¶ 6). The Petition also alleged that, while petitioner was presently in federal custody, he had an anticipated release date of January 6, 2010. (Petition at 1, ¶ 1; 2, ¶ 8). Petitioner thereafter filed an application to proceed In Forma Pauperis on December 17, 2009, which was subsequently granted by the Court. Thereafter, the Court ordered the Petition served on respondent in an Order dated January 8, 2010.

1

A copy of the Court's January 8, 2010, Order was served on petitioner at Lompoc, but it was returned to the Court on January 11, 2010, with the following notation: "Not Deliverable as Addressed Unable to Forward". A handwritten annotation on the envelope noted "Deported". Petitioner did not file a Notice of Change of Address pursuant to Central District of California Local Rule 41-6.

On January 20, 2010, respondent filed a Motion to Dismiss ("Motion") on the grounds of mootness, asserting that petitioner was no longer in federal custody and, therefore, that the Petition no longer presented a case or controversy. Petitioner did not file any response to the Motion.

Thus, the matter is now ready for decision. As set forth below, the Court concurs with respondent that the Petition is moot and that the Court lacks subject matter jurisdiction.

Under Article III of the Constitution, the exercise of judicial powers by a federal court is allowed only where a case or controversy exists. A case or controversy exists where a suit is "definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." (North Carolina v. Rice, 404 U.S. 244, 245, 92 S.Ct. 402 (1971) (per curium), citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)). A case is moot when the issues are no longer live (In re Burrell, 415 F.3d 994, 998 (9th Cir. 2005), or, stated another way, when the parties lack a legally cognizable interest in the outcome. (Riemers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988). The test for mootness is whether the court can give a litigant any effective relief in the event it decides the matter on the merits in his favor. (Id., citing Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir. 1986) When a case is moot, there is a lack of subject matter jurisdiction, as federal courts are without power to decide questions that cannot affect the rights of the litigants in the case before them. Rice at 246.

Here, the Petition specifically sought to have the Court find that petitioner was entitled to custody credits, a finding which would have had the effect of shortening the duration of petitioner's incarceration. Petitioner sought the reduction of his sentence, inter alia, so that he could "be home for christmas (sic)", given his anticipated release date of January 6, 2010 (Petition at 1,¶¶ 8, 10). However, it would appear that petitioner is no longer in the custody of the federal government in light of the following facts: Petitioner's verified Petition states that his anticipated release date was January 6, 2010; all of the documents served by the Court on petitioner at his last-known address (i.e., Lompoc) have been returned as undeliverable, with no known forwarding address, and at least one of the returned envelopes included a notation that petitioner had been deported; the declaration of Sandra Escalante, filed in support of respondent's Motion, indicates that an official from ICE informed her that petitioner was released from Lompoc and deported, and also asserted that the Bureau of Prison's website indicates that petitioner's status is "RELEASED".

In a habeas corpus proceeding such as the instant matter, where the length of a petitioner's sentence is being challenged, a petition becomes moot when a prisoner completes his sentence before the court addresses the merits of the petition. See Rice at 248 ("Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."); See also Zichko v. Idaho, 247 F.3d 1015 (9th Cir. 2001); Larche v. Simons, 53 F 3d. 1068 (9th Cir. 1995). Where a habeas petition challenges a conviction which carries collateral consequences, the prisoner's release from incarceration does not render the petition moot. See Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978 (1998). However, that is not the case here, as petitioner sought only to challenge the length of his incarceration, not his underlying conviction. As it appears petitioner has been released from custody, his claim for additional custody credits no longer presents a case or controversy. As such, the matter is moot and the

1 | Court lacks jurisdiction to consider it further.

2 | It therefore is ORDERED that: (1) The reference of this matter to the Magistrate Judge is vacated; (2) respondent's Motion is granted; and (3) this action be dismissed with prejudice pursuant to 28 U.S.C § 2241(c)(1), as well as the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for lack of subject matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

It is further ORDERED that the Clerk shall serve copies of this Order and the Judgment herein by United States mail on respondent and the United State's Attorney's Office.

DATED: 4/30/10

GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge